IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

MATTHEW ANDREW TEBOE, )
)
Petitioner, )
)
v. ) CV 122-075
)
WARDEN ANNETTIA TOBY, )
)
Respondent. )

---

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

---

Petitioner originally filed the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, in the Middle District of Georgia, and Judge Tilman E. Self, III, transferred the petition to this Court for initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** the § 2254 petition be **DISMISSED** as untimely, and this civil action be **CLOSED**.

**I. BACKGROUND**

On July 2, 2013, Petitioner was convicted and sentenced in Columbia County Superior Court to life with parole based on his convictions for one count of aggravated child molestation and six counts of child molestation. (Doc. no. 1, p. 1.) Petitioner filed a motion for a new trial, and the trial court denied his motion on September 23, 2016. (Id. at 2.) On October 6, 2016, Petitioner pursued a direct appeal, and the Georgia Court of Appeals affirmed the trial

court's ruling on February 27, 2018. (Id. at 2-3;) See also Teboe v. State, No. A17A2041 (Ga. Ct. App. (Feb. 27, 2018), available at https://www.gaappeals.us/docket (select "Search Docket"; then search for "Matthew Andrew Teboe," open A17A2041, last visited June 6, 2022) ("Attach #1"). Petitioner filed no further direct appeals. (Doc. no. 1, p. 3.)

Petitioner reports filing a state habeas corpus petition in the Superior Court of Hancock County, Georgia, on November 18, 2018. (Id.) Petitioner further states the habeas court denied relief on February 11, 2021. (Id.) Petitioner filed a motion for reconsideration on February 24, 2021, which the habeas court denied on September 20, 2021. (Id. at 4-5.) On October 12, 2021, Petitioner submitted a certificate of probable cause ("CPC") to the Supreme Court of Georgia. See Teboe v. Toby, No. S22H0257 (Ga. (Apr. 19, 2022), available at https://scweb.gasupreme.org (search for "S22H0257," open S22H0257, last visited July 7, 2022) ("Attach #2"). The Supreme Court of Georgia denied Petitioner's appeal on April 19, 2022, because Petitioner failed to timely submit a CPC. (Doc. no. 1, pp. 6, 8-9, 11.)

Petitioner executed the instant federal habeas corpus petition on June 10, 2022, and he originally filed it in the Middle District of Georgia. (Doc. no. 1, p. 15.) United States District Judge Tilman E. Self, III, transferred the petition to the Southern District of Georgia because Petitioner challenges convictions obtained in a Superior Court located within this District. (Doc. no. 3.) Petitioner claims: (1) he was denied due process because he was tried and convicted on a void indictment, judgment, and sentence; (2) the trial court erred in its judgment and abused its discretion by failing to correct an incomplete record at trial; (3) he received ineffective assistance of counsel for failure to investigate, obtain and introduce evidence for defense or impeachment, and for failure to impeach; and (4) he received ineffective assistance

of appellate counsel for failure to raise the issues involved in grounds one, two, and three on appeal. (Doc. no. 1, pp. 6-12; doc. no. 1-4.)

## II. DISCUSSION

### A. The Petition Is Time-Barred

Pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d), there is a one-year statute of limitations for § 2254 motions that runs from the latest of:

> (1)(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Under § 2244(d)(1)(A), a judgment becomes final upon "the conclusion of direct review or the expiration of the time for seeking such review." See Gonzalez v. Thaler, 565 U.S. 134, 150 (2012) (explaining judgment for petitioners who do not seek certiorari from United States Supreme Court becomes final at "'expiration of the time for seeking such review' - when the time for pursuing direct review in this Court, or in state court, expires."). Stubbs v. Hall, 840 S.E.2d 407, 412 (Ga. 2020) (interpreting Georgia habeas corpus law in accordance

with Gonzalez, *supra*, to conclude judgment of conviction is final when Supreme Court affirms conviction on merits or denies certiorari, "or when the time for pursuing the next step in the direct appellate review process expires without that step having been taken").

Accordingly, for a Georgia defendant who has his or her conviction affirmed on direct appeal by the Court of Appeals but does not petition for certiorari to the Georgia Supreme Court, the conviction becomes final when the twenty days to petition for certiorari expires without filing such a petition. Stubbs, 840 S.E.2d at 413 (citing Ga. Sup. Ct. R. 38(2)). This is so because the United States Supreme Court does not allow filing for a writ of certiorari unless a judgment "has been entered by a state court of last resort." Id. (citing U.S. Sup. Ct. R. 13.1). As Petitioner did not seek a writ of certiorari from the Supreme Court of Georgia, his convictions became final on March 19, 2018, twenty days after the Court of Appeals affirmed his convictions on February 27, 2018. See id. at 414-15.

Petitioner had one year from the date his conviction became final to file his federal habeas corpus petition or take other action to toll the one-year limitations period. The Court recognizes that, pursuant to 28 U.S.C. § 2244(d)(2), the one-year statute of limitations does not run while a properly filed application for state post-conviction relief or other collateral review is pending in state court. Cramer v. Sec'y, Dep't of Corr., 461 F.3d 1380, 1383 (11th Cir. 2006). Petitioner states he did not file his state habeas petition until November 18, 2018. (Doc. no. 1, p. 3.) Therefore, 244 days of his one-year AEDPA statute of limitations had already expired. (Doc. no. 1, p. 3.) The state habeas court ultimately denied relief on February 11, 2021. (Id.)

AEDPA's one-year clock was tolled throughout the state habeas corpus proceedings, including the thirty-day period during which Petitioner could have sought a timely CPC from

the Georgia Supreme Court through March 13, 2021. While Petitioner applied for a CPC, he did so only after receiving a ruling from the habeas court on his motion for reconsideration, and the Supreme Court of Georgia thus dismissed Petitioner's CPC application as untimely on April 19, 2022. (Doc. no. 1, p. 9.) The untimely CPC application was not "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2) and thus did not statutorily toll AEDPA's clock. See Wade v. Battle, 379 F.3d 1254, 1262-64 (11th Cir. 2004).

A total of 244 days of Petitioner's one-year statute of limitations elapsed prior to the filing of Petitioner's state habeas petition. Another 454 days elapsed from March 13, 2021 - the conclusion of his state habeas proceedings - to the filing of Petitioner's federal habeas corpus petition on June 10, 2022. Because Petitioner filed his federal petition well over 300 days after expiration of the one-year statute of limitation, his current federal challenge is time-barred and should be dismissed.

**B. The Limitations Period Was Not Otherwise Reset under AEDPA, and Petitioner Has Not Shown that He Is Entitled to Equitable Tolling or that a Fundamental Miscarriage of Justice Has Occurred**

Petitioner has not provided any explanation that would delay or reset his one-year statute of limitations under any statutory sections of AEDPA set forth above. Nevertheless, an otherwise untimely § 2254 petition may be considered if a petitioner can demonstrate that either he is entitled to equitable tolling or that a fundamental miscarriage of justice has occurred. Equitable tolling can be applied to prevent application of AEDPA's statutory deadline, but only if a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); see also Lawrence v. Florida, 549 U.S. 327, 336 (2007). Nevertheless, equitable

tolling is typically applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003). The petitioner bears the burden of proving his entitlement to equitable tolling, San Martin v. McNeil, 633 F.3d 1257, 1268 (11th Cir. 2011), and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; the petitioner must establish both. See Chavez v. Sec'y Fla. Dep't of Corr., 647 F.3d 1057, 1072 (11th Cir. 2011).

Consideration of an otherwise untimely petition for federal habeas corpus relief may also be appropriate upon a showing that a "fundamental miscarriage of justice" has occurred, whereby "a constitutional violation has probably resulted in the conviction of one who is actually innocent." McQuiggin v. Perkins, 569 U.S. 383, 392 (2013) (citing Murray v. Carrier, 477 U.S. 478, 495-96 (1986)); see also Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000). The actual innocence exception "is exceedingly narrow in scope," and a time-barred petitioner seeking to invoke it must be able "(1) to present 'new reliable evidence . . . that was not presented at trial,' and (2) to show 'that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt' in light of the new evidence." Rozzelle v. Sec'y, Fla. Dep't of Corr., 672 F.3d 1000, 1011 (11th Cir. 2012) (citations omitted). As the Supreme Court emphasized, "The miscarriage of justice exception, we underscore, applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" McQuiggin, 569 U.S. at 394-95.

Here, Petitioner has not shown extraordinary circumstances stood in his way and prevented him from timely filing his federal petition, or that he had been pursuing his rights

diligently during the approximately four years between when his convictions became final and when he filed his federal petition. Petitioner's only explanation for not filing for post-conviction relief is his incorrect assessment of tolling and his blame for the state court's ruling against him. (Doc. no. 1, p. 14.)

The Eleventh Circuit does not accept "a lack of legal education and related confusion or ignorance about the law as [an] excuse[] for a failure to file in a timely fashion. As with any litigant, *pro se* litigants 'are deemed to know of the one-year statute of limitations.'" Perez v. Florida, 519 F. App'x 995, 997 (11th Cir. 2013) (*per curiam*) (internal citations omitted); see also Jones v. United States, 304 F.3d 1035, 1044 (11th Cir. 2002) (rejecting ignorance of law, inefficiencies, or inconveniences as qualifying as extraordinary circumstances). Eleventh Circuit precedent is clear a petitioner in federal court seeking to invoke equitable tolling must explain "any independent efforts he made to determine when the relevant limitations period began to run." Arthur v. Allen, 452 F.3d 1234, 1253 (11th Cir. 2006) (citation omitted); Howell v. Crosby, 415 F.3d 1250, 1252 (11th Cir. 2005) (finding no basis for equitable tolling "especially when the petitioner cannot establish his own diligence in ascertaining the federal habeas filing deadline").

Petitioner does not argue, let alone provide any factual detail, to support a finding he made any efforts to determine when his federal statute of limitations began to run. In sum, Petitioner has not satisfied the "strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008) (*per curiam*). Nor has Petitioner shown a miscarriage of justice will occur if his claims are not considered. Petitioner has not presented any evidence, much less new, reliable evidence, to show he did not commit the offenses of which he was convicted such that no

reasonable juror would have found him guilty beyond a reasonable doubt. Therefore, neither equitable tolling nor the actual innocence exception saves the instant petition from being time-barred under AEDPA.

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Petitioner's § 2254 petition be **DISMISSED** as untimely, and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 13th day of July, 2022, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA