IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| MATTHEW ANDREW TEBOE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 122-075 |
| | ) | |
| WARDEN ANNETTIA TOBY, | ) | |
| | ) | |
| Respondent. | ) | |

**O R D E R**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed, (doc. no. 9). In his objections, Petitioner states he originally submitted his state habeas petition on September 11, 2018, and therefore his AEPDA clock should have stopped for the first time on such date. (Id. at 1-2.) Even assuming this fact, Petitioner still allowed 176 days to lapse before filing his original state habeas petition, in addition to 454 days that elapsed between conclusion of the state habeas proceedings and filing of the federal habeas petition. Because the total delay significantly surpasses AEPDA's one-year statute of limitation, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, and **DISMISSES** this petition filed pursuant to 28 U.S.C. § 2254 as untimely.

A prisoner seeking relief under § 2254 must obtain a certificate of appealability ("COA") before appealing the denial of his application for a writ of habeas corpus. This Court

"must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2254 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing. Accordingly, the Court **DENIES** Petitioner's Motion for a COA, (doc. no. 8), and **DENIES** a COA in this case.[1] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith, and Petitioner is not entitled to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3).

Upon the foregoing, the Court **CLOSES** this civil action.

SO ORDERED this 22nd day of August, 2022, at Augusta, Georgia.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] "If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2254 Proceedings.